KILEY, KILEY & KILEY, PLLC
KEVIN J. KILEY(KK 3706)
107 Northern Boulevard, Suite 304
Great Neck, New York 11021
(516) 466-7900
*Attorneys for J.C. Refinishing Contracting Corp., John Costello, John L. Stoltz and John Neidermyer*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIMOTHY C. DURAN,                                    Honorable John G. Koeltl

                Plaintiff,                          **ANSWER**

         -against-                                         (Jury Trial Demanded)
                                                 Docket No.: 09 CV 7572 (JGK) (THK)

JOHN COSTELLO, JOHN L. STOLTZ, JOHN
NEIDERMYER, TYLMAN R. MOON,
J.C. REFINISHING CONTRACTING CORP.,
TYLMAN R. MOON & ASSOCIATES, P.A.
and HARVEY ELECTRONICS
                         Defendants.
-------------------------------------------------------------X

       Defendants, John Costello, John L. Stoltz, John, Neidermyer and J.C. Refinishing Contracting Corp, by their attorneys, Kiley, Kiley & Kiley, PLLC, as and for their Answer to the Complaint of Timothy C. Duran ("Plaintiff" or "Duran"), hereby alleges as follows:

### JURISDICTION AND VENUE

    (1)   Denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 1 and 2 of the Complaint.

### NATURE OF THE CASE

    (2)   Denies the allegations contained in Paragraphs 3, 4 and 5 of the Complaint.

## PARTIES

(3) Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint.

(4) Admits the allegations contained in Paragraph 7 of the Complaint.

(5) Denies the allegations contained in Paragraph 8 of the Complaint, but admits that JCRC is a general contracting corporation located at 30 New Hyde Park, Franklin Square, NY.

(6) Admits the allegations contained in Paragraph 9 of the Complaint.

(7) Denies the allegations contained in Paragraphs 10 and 11 of the Complaint.

(8) Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 12 and 13 of the Complaint.

## STATEMENT OF FACTS

### Allegations Concerning Defendants JCRC and Harvey

(9) Denies the allegations contained in Paragraph 14 of the Complaint except that JCRC admits that in 1998, Duran hired JCRC to perform renovations on the condo pursuant to a written agreement ("original JCRC Agreement").

(10) Denies the allegations contained in Paragraph 15 of the Complaint, except admits that JCRC and Duran had an agreement.

(11) Denies the allegations contained in Paragraphs 16 through 19 of the Complaint.

(12) Denies the allegations contained in Paragraph 20 of the Complaint except admits that Duran instituted a lawsuit in this Court, title *Duran v. JCR Contracting Corp., et.al.*, No. 00 Civ.0196. (the "original JCRC Action").

(13) Denies the allegations contained in Paragraph 21 of the Complaint except admit that the parties reached a settlement agreement in the Original Action.

(14) Denies the allegations contained in Paragraphs 22 through 27 of the Complaint.

(15) Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint.

(16) Denies the allegations contained in Paragraphs 29 through 32 of the Complaint.

(17) Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 33 and 34 of the Complaint.

(18) Denies the allegations contained in Paragraphs 35 and 36 of the Complaint.

(19) Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 37 and 38 of the Complaint.

(20) Denies the allegations contained in Paragraph 39 of the Complaint.

(21) Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint.

(22) Denies the allegations contained in Paragraphs 41 through 45 of the Complaint.

**Allegations concerning defendants Costello, Stoltz and Neidermyer**

(23) Denies each and every allegation contained in Paragraphs 46 through 51 of the Complaint.

## **Allegations Concerning Defendants Moon**

(24)    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 52 through 62 of the Complaint.

## FIRST CAUSE OF ACTION

(25)    Repeats, reaffirms and realleges with respect to Paragraph 63 of the Complaint, its answers to Paragraphs 1 through 62 of the Complaint.

(26)    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 64 through 72 of the Complaint.

## SECOND CAUSE OF ACTION

(27)    Repeats, reaffirms and realleges with respect to Paragraph 73 of the Complaint, its answers to Paragraphs 1 through 72 of the Complaint.

(28)    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 74 through 77 of the Complaint.

(29)    Denies allegations contained in Paragraphs 78 and 79 of the Complaint.

(30)    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 through 85 of the Complaint.

## THIRD CAUSE OF ACTION

(31)   Repeats, reaffirms and realleges with respect to Paragraph 86 of the Complaint, its answers to Paragraphs 1 through 85 of the Complaint.

(32)   Denies the allegations contained in Paragraphs 87 through 95 of the Complaint.

## FOURTH CAUSE OF ACTION

(33)   Repeats, reaffirms and realleges with respect to Paragraph 96 of the Complaint, its answers to Paragraphs 1 through 95 of the Complaint.

(34)   Denies the allegations contained in Paragraphs 97 through 100 of the Complaint.

## FIFTH CAUSE OF ACTION

(35)   Repeats, reaffirms and realleges with respect to Paragraph 101 of the Complaint, its answers to Paragraphs 1 through 100 of the Complaint.

(36)   Denies the allegations contained in Paragraphs 102 and 103 of the Complaint.

## SIXTH CAUSE OF ACTION

(37)   Repeats, reaffirms and realleges with respect to Paragraph 104 of the Complaint, its answers to Paragraphs 1 through 103 of the Complaint.

(38)   Denies the allegations contained in Paragraphs 105 through 109 of the Complaint.

## SEVENTH CAUSE OF ACTION

(39)    Repeats, reaffirms and realleges with respect to Paragraph 110 of the Complaint, its answers to Paragraphs 1 through 109 of the Complaint.

(40)    Denies the allegations contained in Paragraphs 111 through 114 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any relief in this action, and submits that defendant is entitled to judgment dismissing all of plaintiff's claims, as requested in defendant's prayer for relief below.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which the relief sought may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of estoppel, waiver and laches as should in equity bar plaintiff from maintaining this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and each and every cause of action therein, are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

This Honorable Court lacks personal jurisdiction over these defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of *res judicata*.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause(s) of action are barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause(s) of action are barred the statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

That these answering defendants deny liability, but if a measure of damages of 50% or less is found against these defendants, they are entitled to the limitations of liability contained in General Obligations Law Sec. 15-108.

## NINTH AFFIRMATIVE DEFENSE

The Third and Fourth Causes of Action against the defendant John Costello was dismissed by the plaintiff without prejudice in a prior action and is barred by the doctrine of release, collateral estoppel and *res judicata*.

## TENTH AFFIRMATIVE DEFENSE

There is another action pending between the same parties for the same causes of action and this action is therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions against the answering defendants are bared under the doctrine of release.

## TWELFTH AFFIRMATIVE DEFENSE

The Third and Fourth Causes of Action are barred by the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Fifth, Sixth and Seventh Causes of Action are barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff does not have privity of contract with the defendants, John Costello, John L. Stoltz and John Meidermyer.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed as the claims against the defendant are frivolous and the costs and attorneys fees incurred as a consequence of defending the instant action should be awarded to the defendant pursuant to the applicable rules of the Federal Rules of Civil Procedure.

## JURY DEMAND

As provided by Federal Rules of Civil Procedure 38, defendant demands trial by jury on all issues so triable.

**WHEREFORE,** defendant respectfully requests that this Court:

(a) Dismiss the Complaint in its entirety with prejudice, and enter judgment in favor of defendant with respect to all causes of action set forth herein;

(b) Award defendant reasonable attorneys fees and all costs incurred as a result of plaintiff's prosecution of this action; and,

(c) Award defendant such other relief as is just, equitable, and proper.

Dated: September 23, 2009
       Great Neck, New York

                                KILEY, KILEY & KILEY, PLLC

                                Kevin J. Kiley (KK 3706)
                                Attorney for Defendant
                                *J.C. Refinishing Contracting Corp., John Costello, John L. Stoltz and John Neidermyer*
                                107 Northern Boulevard, Suite 304
                                Great Neck, New York 11021
                                (516) 466-7900

TO:   Timothy C. Duran
        Plaintiff, Pro Se
        330 Commercial Street
        San Jose, California 95112

STATE OF NEW YORK  )
                                        ) SS.:
COUNTY OF NASSAU   )

KEVIN J. KILEY an attorney authorized to practice law in the Courts of the State of New York under penalty of perjury affirms and shows:

That on the 23rd day of September, 2009 deponent served the ANSWER upon the following:

Timothy C. Duran
Plaintiff, Pro Se
330 Commercial Street
San Jose, CA 95112

the address designated by said parties for that purpose by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper, in __ a post office _X_ official depository under the exclusive care and custody of the United States Post Office Department within the State of New York. In addition service was made by facsimile to the numbers listed above.

KEVIN J. KILEY

Dated: Great Neck, New York
       September 23, 2009